## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALLEN SETTLE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 5:18-00750** |
| | ) | |
| MICHAEL FRANCIS, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Defendants' Motions to Dismiss (Document Nos. 23, 27, and 41) as moot.

### PROCEDURAL BACKGROUND

On April 30, 2018, Plaintiff, acting *pro se* and a pretrial detainee in confinement at the Southern Regional Jail, in Beaver, West Virginia, filed his Motion to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) Specifically, Plaintiff appeared to be claiming that prison staff were providing inadequate medical care for his epilepsy in violation of his constitutional rights. (Id.) Plaintiff named the Southern Regional Jail and PrimeCare Medical, Inc. as Defendants. (Id.) As Exhibits, Plaintiff attached a copy of the following: (1) Plaintiff's Affidavit (Document No. 2-1);

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and (2) A copy of Plaintiff's grievance (Document No. 2-2.) By Order entered on May 1, 2018, the undersigned directed Plaintiff to file an Amended Complaint naming "persons" as defendants, specifically setting forth his constitutional claims, and stating specific facts as to how each defendant violated his constitutional rights. (Document No. 4.)

On July 24, 2018, Plaintiff filed his Amended Complaint naming the following as Defendants: (1) Michael Francis, Administrator of Southern Regional Jail; (2) Dr. Fahien, Prime Care Medical; (3) Brittany Foster, Head Nurse for Prime Care Medical; and (4) Prime Care Medical, Inc. (Document No. 12.) In his Amended Complaint, Plaintiff alleges that Defendants provided inadequate medical care for his epilepsy in violation of his constitutional rights. (Id.) On or about February 1, 2018, Plaintiff alleges that he was dispensed incorrect medication by Nurse Amy. (Id., p. 8.) Plaintiff explains that the correct medication he was to receive was Dilantin. (Id.) Plaintiff contends that he was dispensed the incorrect medication for four days. (Id.) As a result of being dispensed the incorrect medication, Plaintiff alleges that he began to feel "sick, weak, and off-balance." (Id.) Plaintiff states that he informed five Prime Care Nurses (Mr. Felicia, Ms. Brown, Ms. Jennifer, Mr. Dave, and Ms. Jill) of his symptoms. (Id.) Plaintiff acknowledges that the above nurses informed him collectively that they would "attempt to contact the doctor and see if they could take blood for establishment of a Dilantin level." (Id.) Plaintiff explains that "[a]fter awhile I was informed they had tried to contact the doctor but were not able make contact and they, the nurses, couldn't do anything until Dr. Fahien or the Head Nurse, Brittany Foster, would give their approval." (Id.) While in the medical unit waiting for a response from Dr. Fahien or Head Nurse Foster, Plaintiff alleges that he suffered a seizure. (Id.) Plaintiff acknowledge that he was transported to St. Mary's Medical Center for treatment. (Id.) Plaintiff states St. Mary's Medical Center performed a blood test revealing that his Dilantin level was 33, "which is much

2

higher than the maximum level which would cause me to seizure." (Id.) Plaintiff states that he "was told by the St. Mary's Medical Center doctor that at the level I was, it could have killed me." (Id.) Plaintiff explains that his "desirable Dilantin level is between 9 and 11." (Id.) Plaintiff contends that he "was in a very life-threatening situation being at 33 after four days" and he "remained in the hospital until February 28, 2018, for treatment and observation." (Id.) Plaintiff seeks injunction and monetary relief. (Id., p. 5.)

By Order entered on November 9, 2018, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and the Clerk to issue process the same day. (Document Nos. 13 and 14.) On December 4, 2018, Defendant Francis filed his Answer and Cross-Claim Against PrimeCare, Brittany Foster, and Dr. Fahien. (Document No. 22.) On the same day, Defendant Francis also filed his "Motion to Dismiss Plaintiff's Amended Complaint" and Memorandum in Support. (Document Nos. 23 and 24.) Defendant Francis argues that Plaintiff's Amended Complaint should be dismissed based on the following: (1) "Plaintiff fails to allege any facts to establish a claim of deliberate indifference against Defendant Michael Francis" (Document No. 24, pp. 5 – 7.); (2) Defendant Francis is entitled to federal qualified immunity (Id., pp. 7 – 9.); (3) Defendant Francis is entitled to state qualified immunity (Id., pp. 9 – 11.); and (4) To the extent Defendant Francis is sued in his official capacity, he is not a "person" under Section 1983 (Id., p. 11.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on December 6, 2018, advising him of the right to file a response to Defendant Francis' Motion to Dismiss. (Document No. 26.)

On December 14, 2018, Defendants Foster and PrimeCare filed their "Motion to Dismiss Amended Complaint or in the Alternative Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 27 and 28.) Defendants Foster and PrimeCare argue that Plaintiff's

3

Amended Complaint should be dismissed based on the following: (1) "Plaintiff's claims must be dismissed because he has failed to exhaust his administrative remedies" (Document No. 28, pp. 6 – 9.); (2) "Plaintiff's claims neither plead nor meet the legal threshold for a viable claim under either the Eighth or Fourteenth Amendments to the United States Constitution" (Id., pp. 9 – 10.); and (3) To the extent the Plaintiff's claim is based upon a violation of his constitutional rights, PrimeCare is not a "person" subject to suit under Section 1983 (Id., p. 11.). As Exhibits, Defendants attach the following: (1) A copy of the Affidavit of Kathryn E. Peters (Document No. 27-1.); (2) A copy of Plaintiff's medical records from West Virginia University (Document No. 27-2.); (3) A copy of Plaintiff's medical records from PrimeCare (Document No. 27-3.); and (4) A copy of Plaintiff's discharge summaries from St. Marys Medical Center (Document Nos. 27-4 and 27-5.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on December 18, 2018, advising him of the right to file a response to Defendants Foster and PrimeCare's "Motion to Dismiss Amended Complaint or in the Alternative Motion for Summary Judgment." (Document No. 31.) On January 23, 2019, Plaintiff filed a Motion for Extension of Time to file a response to Defendant Foster and PrimeCare's "Motion to Dismiss Amended Complaint or in the Alternative Motion for Summary Judgment." (Document No. 37.) By Order entered on January 24, 2019, the undersigned granted Plaintiff's Motion for Extension of Time and directed Plaintiff to file his Response on or before March 7, 2019. (Document No. 39.)

On February 12, 2019, Defendants Foster and PrimeCare filed their Answer to Cross-Claim. (Document No. 40.) On March 11, 2019, Defendant Francis filed his "Supplemental

4

Motion to Dismiss Plaintiff's Amended Complaint" and Memorandum in Support. (Document Nos. 41 and 42.) Defendant Francis supplements his Motion to note that Plaintiff admitted in his Motion for Extension of Time that "the only thing [Defendant Francis] himself has in this case is the information that he told me about PrimeCare Medical being a contracted medical facility and that himself did not and could not do anything about what they did to me . . ." (Document No. 42, p. 2.) Defendant Francis, therefore, argues that based on this admission, there is not a cause of action against Defendant Francis. (<u>Id.</u>) Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on March 12, 2019, advising him of the right to file a response to Defendant Francis' Supplemental Motion to Dismiss. (Document No. 43.)

Despite being warned by the Court in accordance with <u>Roseboro</u> that inaction could result in dismissal of his Amended Complaint, Plaintiff did not file a response to Defendants' Motions to Dismiss, or in the Alternative, Motion for Summary Judgment (Document Nos. 26, 31, 43). After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on June 6, 2019, directing Plaintiff to "show cause in writing on or before June 20, 2019, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 44.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motions to Dismiss, or in the Alternative, Motion for Summary Judgment (Document Nos. 23, 27, 41). (<u>Id.</u>) Plaintiff has made no contact with this Court since January 23, 2019. (Document No. 37.)

## <u>ANALYSIS</u>

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant;
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

6

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since January 23, 2019, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite the filing of Defendants' Motions to Dismiss (Document Nos. 23, 27, and 41), the Court's Roseboro Notices (Document Nos. 26, 31, and 43), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 44). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants have filed Motions to Dismiss, there is no indication that Defendants have expended sufficient time or resources defending Plaintiff's action. Defendants' Motions primary rely upon the argument that Plaintiff failed to sufficiently allege facts supporting a constitutional claim. Defendants further asserted that Plaintiff failed to exhaust his administrative remedies. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for approximately five months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw

v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notices and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[3] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint (Document No. 12) without prejudice, **DENY as moot** Defendant Francis' "Motion to Dismiss Plaintiff's Amended Complaint" (Document No. 23) and "Supplemental Motion to Dismiss Plaintiff's Amended Complaint" (Document No. 41), **DENY**

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

8

**as moot** Defendants Foster and PrimeCare's "Motion to Dismiss Amended Complaint or in the Alternative Motion for Summary Judgment" (Document No. 27), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 25, 2019.

Omar J. Aboulhosn
United States Magistrate Judge